UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMBA ONLINE CORPORATION d/b/a IMBA MEDICAL CORPORATION, | CIVIL ACTION NO. 3:22-CV-01682 |
| Plaintiff, | (SAPORITO, J.) |
| v. | |
| CHILDREN'S BEHAVIORAL HEALTH, INC., et al, | |
| Defendants. | |

# MEMORANDUM

This dispute concerns a breach of contract between two parties for one party's insufficient use of another's product at two of its four locations. Specifically, the plaintiff, IMBA Online Corporation, filed a complaint against the defendants for their unauthorized use of IMBA's "Take Action" software, alleging two separate claims of breach of contract and one claim of unjust enrichment. (Doc. 1). On May 2, 2024, we granted the plaintiff's attorneys' motion to withdraw as counsel and stayed the matter for a period of sixty days to afford the plaintiff the opportunity to retain new counsel. (Doc. 33). The plaintiff, to our knowledge, subsequently did not retain new counsel during that period.

On August 7, 2024, we directed the plaintiff to show cause why its action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 36). The plaintiff failed to comply with that Order. On November 18, 2024, we again granted the plaintiff the opportunity to show cause why its action should not be dismissed under Rule 41(b). (Doc. 37). The plaintiff, despite our numerous orders explicitly directly it do so, has failed to show cause or otherwise communicate with the Court in any fashion.

## I.     Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure allows a district court to dismiss an action for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b). Courts have the inherent power to do so on its own motion without notice or a hearing. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629, 633 (1962); *Reshard v. Lankenau Hosp.,* 256 Fed. App'x 506, 507 (3d Cir. 2007). When considering dismissal under Rule 41(b), a court must balance the following six factors:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

*alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

In exercising this discretion, there is no "magic formula" or "mechanical calculation" to determine whether the case should be dismissed. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "While 'no single *Poulis* factor is dispositive,' we have also made it clear that 'not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and *Mindek*, 964 F.2d at 1373).

## II.   Discussion

We find that the first *Poulis* factor weighs in favor of dismissal as the plaintiff holds a significant portion, if not all, of the responsibility for failing to prosecute this case. As a corporation, the plaintiff cannot proceed with a case without licensed counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–3 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed

counsel."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated[.]"). Therefore, when its attorneys withdrew as counsel, the plaintiff could not proceed with its case, and we found it appropriate to grant the plaintiff sixty days to retain new counsel. (Doc. 33).

Nevertheless, it has been over six months since that order and the plaintiff has still failed to secure new counsel, even after we lifted the stay and explicitly directed the plaintiff to secure counsel. (Doc. 36). This includes two direct orders to show cause for failure to prosecute. Indeed, the plaintiff has refused to communicate with the Court in its entirety throughout this period. Moreover, we additionally find that the defendants have "acted diligently and within the timeframes provided by the Federal Rules of Civil Procedure and this Court." *See Torres v. Price*, No. 4:20-CV-2352, 2021 WL 5823342, at *2 (M.D. Pa. Dec. 8, 2021) (finding the defendants' cooperation and compliance with the Rules of Civil Procedure as evidence that plaintiff was the "only party responsible for the nonprosecution of [the] case."). Therefore, we find that the

plaintiff holds full responsibility for failing to prosecute its case.

We additionally find the second *Poulis* factor favors the defendants. Prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259. We note the plaintiff's lack of engagement burdens the defendants' ability to participate in its defense of the plaintiff's allegations. The plaintiff's actions, or lack thereof, clearly cause prejudice to the defendants.

Third, we believe the plaintiff has sufficiently shown a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *id.* at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* at 260. The plaintiff has not only failed to comply with our orders to show cause, but it also has not communicated with the Court since our granted motion on May 2, 2024. We find that the plaintiff's recent conduct constitutes a pattern of repeated delay, and thus, weighs against the plaintiff.

We additionally conclude that the plaintiff's conduct is "the type of

willful … behavior which [is] characterized as flagrant bad faith." *Id.* at 262. Willful behavior includes "intentional or self-serving behavior." *Id.* As we have articulated, the plaintiff has intentionally failed to comply or respond to any orders from the Court despite being given numerous opportunities. We have provided the plaintiff over six months to retain counsel and move this litigation forward, yet it has refused to do so. We therefore find that the plaintiff has intentionally, and thus willfully, failed to comply with the orders of this Court.

We further find that the fifth factor weighs in favor of the defendants. While "the district court is specifically authorized to impose on an attorney those expenses, including attorney's fees, caused by an unjustified failure to comply with … pretrial orders," *id.* at 262 (quoting *Poulis* 747 F.2d at 869), we cannot do so here as the plaintiff has not retained counsel for over six months. The plaintiff has additionally refused to communicate with the Court and thus, we find that monetary sanctions would not be an effective alternative action. Therefore, dismissal appears the only viable solution.

Finally, we conclude the sixth *Poulis* factor weighs in favor of the plaintiff. We find that the plaintiff has alleged two viable separate claims

of breach of contract and one viable claim of unjust enrichment. The plaintiff has alleged sufficient facts to support its claims, including various exhibits. Moreover, many factual questions remain for the jury that could potentially determine the outcome of the case.

### III. Conclusion

Nonetheless, while the sixth factor indeed weighs in the plaintiff's favor, five of the *Poulis* factors strongly support dismissal. Therefore, we find that circumstances of this case require dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate order follows.

Dated: January 30, 2025  *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

- 8 -